**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BILLY PATTERSON                                                                                              PLAINTIFF

VS.                                              5:08CV00186 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                                                          DEFENDANT

## MEMORANDUM AND ORDER

Pending before the Court is the Commissioner's Motion to Dismiss.[1]  (Docket entry #11). The Commissioner argues that Plaintiff's Complaint is time barred because it was filed more than sixty (60) days after the receipt of notice of the final decision of the Commissioner of the Social Security Administration.

In pertinent part, the controlling statute provides the following:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . .

42 U.S.C. § 405(g) (1995).  Furthermore, 42 U.S.C. § 405(h) (1995) makes it clear that: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Thus, read together, these two statutes

---

[1] The Commissioner filed this Motion to Dismiss (docket entry #11) two days beyond the deadline for filing a responsive pleading to Plaintiff's Complaint.  He also filed a contemporaneous Motion seeking leave to file the Motion to Dismiss two days beyond the deadline. (Docket entry #10).  The Commissioner explained that the reason for the delay was "an unintentional docketing error." Plaintiff has not filed a Response to the Commissioner's Motion for Leave for leave to file the belated Motion to Dismiss.
   However, in Plaintiff's Response (docket entry #14) to the Motion to Dismiss, he argues that because the Commissioner was two days late in filing his Motion to Dismiss, it should be stricken and Plaintiff should be excused from filing his Complaint within the sixty-day statute of limitations. Plaintiff cites no authority to support his argument and the Court can find none.
   The Court concludes that, in the exercise of its discretion, the Commissioner has stated a sufficient basis for obtaining leave to file its Motion to Dismiss two days late.  Under 42 U.S.C. § 405(g) and controlling Eighth Circuit case law, this Court is not permitted to exercise similar discretion in deciding if Plaintiff's Complaint was timely filed.

create a sixty-day statute of limitations, which bars actions initiated beyond that time. *Bowen v. City of New York*, 476 U.S. 467 (1986); *Caran v. Bowen*, 834 F.2d 720, 721 (8th Cir. 1988).

The Commissioner has filed the sworn Declaration of an appropriate Social Security Administration official showing that Plaintiff filed the Complaint initiating this action outside the allowable time period. (Docket entry 11-2).

In his Response to Defendant's Motion to Dismiss, Plaintiff urges that the sixty day time limit should be equitably tolled. (Docket entry #13). In support of this request, Plaintiff's attorney has submitted the affidavit of Martha Martin (docket entry #12), office manager and legal assistant to Plaintiff's attorney. Ms. Martin explains that, in May of 2008, the Complaint and other documents were mailed to the "old post office box" used by the Clerk's Office for the Pine Bluff Division. That post office box had been closed the previous year and notice to that effect was electronically distributed to all attorneys admitted to practice in the Eastern District of Arkansas. *Id.*

In *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988), the Court explained the kind of circumstances that can support the equitable tolling of the statute of limitations:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Wong v. Bowen*, 854 F.2d630, 631 (2d Cir. 1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court). And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." *Larson v. American Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979).

Principles of equitable tolling do not extend to garden variety cases involving excusable neglect. *Arigo v. United States*, 980 F.2d 1159, 1162 (8th Cir. 1992), *citing Irwin v. Veterans Admin.*, 498 U.S. 89 (1990). This is not a case "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. at 480. Thus, because this action was not timely filed, it is barred.

IT IS THEREFORE ORDERED THAT: (1) Defendant's Motion for Leave to File a Motion

to Dismiss (docket entry #10) two days beyond the deadline for filing a responsive pleading to Plaintiff's Complaint is GRANTED; and (2) Defendant's Motion to Dismiss (docket entry #11) is GRANTED.

DATED this 2nd day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE